1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9   EMMA ISUMU, Individually,                )
                                             )
10              Plaintiff,                    )        No. _____
                                             )
11      v.                                    )        NOTICE OF REMOVAL
                                             )
12                                            )
   CELLCO PARTNERSHIP d/b/a VERIZON           )
13 WIRELESS; DAVID O'RONA, Individually and)
   together with "JANE DOE" O'RONA and the    )
14 marital community composed thereof, and JOHN)
   AND JANE DOES 1-10;                        )
15                                            )
                                             )
16              Defendants.                   )
   _____)

17

18 TO:    UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON

19        AT TACOMA:

20        Defendant Verizon Wireless hereby gives notice that it is removing the above-captioned

21 cause, originally filed in the Superior Court of the State of Washington for Pierce County,

22 Cause No. 11-2-16688-6, to the United States District Court for the Western District of

23 Washington at Tacoma.  Defendant removes the case pursuant to 28 U.S.C. §§ 1441 and 1446,

24 on the grounds set forth below.

25        1.      Plaintiff has named the defendant in this action as Cellco Partnership d/b/a

26 Verizon Wireless ("Verizon Wireless").  Verizon Wireless is a Delaware corporation which has

27 its principal place of business in New Jersey.

NOTICE OF REMOVAL — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1      2.      Plaintiff has also named as a defendant in this action "David O'Rona," an

2  individual, Plaintiff identifies as being a resident of the state of Washington. Compl. ¶ 4.2.3.

3  Mr. O'Rona has not been served and is therefore not properly joined or served as required by

4  28 U.S.C. § 1441(b). Mr. O'Rona is believed to be a sham defendant, named only in an

5  attempt to defeat diversity jurisdiction.

6      3.      Plaintiff Emma Isumu is a resident of the state of Washington and alleges that

7  Defendant's wrongful acts and/or omissions occurred in Pierce County. Compl. ¶¶ 3.1, 4.1.1.

8      4.      The Summons and Complaint for Damages ("Complaint") were filed in the

9  Pierce County Superior Court on December 15, 2011, and denominated Cause No. 11-2-16688-

10  6. Defendant Verizon Wireless was served the Summons and Complaint on December 28,

11  2011.

12      5.      This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) as it is

13  being filed within 30 days of service of the Complaint. A copy of the complete state court

14  record is attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

15      6.      The basis for removal is diversity of citizenship. This Court has diversity

16  jurisdiction because this is a civil action between citizens of different states with an amount in

17  controversy in excess of $75,000 exclusive of interest and costs. Defendant Verizon Wireless

18  is a Delaware corporation, with its principal place of business in New Jersey. Plaintiff is a

19  resident and citizen of the state of Washington. Therefore, the requisite diversity of citizenship

20  exists in this case.[1]

21      7.      Verizon Wireless has a good faith belief that plaintiff is seeking damages in

22  excess of $75,000, exclusive of interest and costs. Although plaintiff's Complaint does not set

23  forth an exact dollar amount prayed for, plaintiff has alleged that she is owed wages and

24  emotional distress damages. *See* Compl. ¶ 7.1. On the face of the Complaint, plaintiff is likely

25

26  [1] For the purposes of determining diversity of citizenship, the alleged citizenship of Defendant
O'Rona is immaterial as Mr. O'Rona has not been properly served as required by 28 U.S.C.

27  §1441(b).

NOTICE OF REMOVAL — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 18913905v1 0052051-014409

1    claiming damages in excess of $75,000. This Court therefore, has original jurisdiction over this

2    diversity action pursuant to 28 U.S.C. § 1332, and removal is appropriate pursuant to 28 U.S.C.

3    § 1441.

4            8.      Removal is proper to the Western District of Washington at Tacoma because the

5    district and division embrace Pierce County, Washington.

6            9.      Defendant Verizon Wireless is the only properly joined and served defendant to

7    this action and consents to removal. Therefore, this action may be removed by Defendant to

8    federal court pursuant to 28 U.S.C. § 1441(b).

9            10.     Defendant will promptly file a copy of this Notice of Removal with the Clerk of

10   the United States District Court for the Western District of Washington at Tacoma.

11           WHEREFORE, Defendant gives notice that the court action against it in Pierce County

12   Superior Court has been removed from that court to the United States District Court for the

13   Western District of Washington at Tacoma.

14           DATED this 27th day of January, 2012.

15                                   Davis Wright Tremaine LLP
16                                   Attorneys for Defendant Verizon Wireless

17
18   By /s/ Kathryn S. Rosen
                                     Kathryn S. Rosen, WSBA #29465
19                                   Merisa Heu-Weller, WSBA #39428
                                     Davis Wright Tremaine LLP
20                                   1201 Third Avenue, Suite 2200
                                     Seattle, WA 98101-3045
21                                   Phone: (206) 622-3150
                                     Fax: (206) 757-7700
22                                   Email: katierosen@dwt.com
                                     Email: merisaheuweller@dwt.com
23

24

25

26

27

NOTICE OF REMOVAL — 3

DWT 18913905v1 0052051-014409

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thaddeus P. Martin
Law Office of Thaddeus P. Martin
4928 109th Street SW
Lakewood, WA 98499

BY:

| | |
|---|---|
| | U.S. MAIL |
| X | ELECTRONIC TRANSMISSION |
| | HAND DELIVERED – ABC Messenger Service |
| | OVERNIGHT MAIL |
| | FACSIMILE |

/s/ Valerie Macan

Valerie Macan

NOTICE OF REMOVAL — 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**Exhibit A**

5

1
2
3
4
5
6
7

FILED
IN COUNTY CLERK'S OFFICE

A.M. **DEC 15 2011** P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____DEPUTY

BY: _____

8
9

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF PIERCE

10    EMMA ISUMU , Individually,

NO.    11  2  16688  6

11                        Plaintiff,

SUMMONS

12

13              v.

14    CELLCO PARTNERSHIP d/b/a VERIZON
      WIRELESS; DAVID O'RONA, Individually
15    and together with "JANE DOE" O'RONA and
      the marital community composed thereof, and
16    JOHN AND JANE DOES 1-10

17                        Defendants.

18    **TO THE DEFENDANT:**

19          A lawsuit has been started against you in the above-entitled court by Plaintiff.

20    Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with

21    this Summons.

22          In order to defend against this lawsuit, you must respond to the Complaint by stating

23    your defense in writing, and by serving a copy upon the person signing this Summons within

24

25    20 days after the service of this Summons within the State of Washington or 60 days if served

26

SUMMONS - 1 of 2

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977



6

1   outside of the State of Washington, excluding the day of service, or a default judgment may

2   be entered against you without notice.  A default judgment is one where Plaintiff is entitled to

3   what it asks for because you have not responded.  If you serve a notice of appearance on the

4   undersigned attorney, you are entitled to notice before a default judgment may be entered.

5          If you wish to seek the advice of an attorney in this matter, you should do so promptly

6   so that your written response, if any, may be served on time.

7

8          This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

9   State of Washington.

10         Dated this 14th day of December, 2011.

11

12                          THADDEUS P. MARTIN & ASSOCIATES, LLC

13                          By _____

14                              Thaddeus P. Martin, WSBA No. 28175
                                tmartin@thadlaw.com
15                              Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

SUMMONS - 2 of 2

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

7

FILED
IN COUNTY CLERK'S OFFICE

A.M. DEC 15 2011 P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____DEPUTY

## SUPERIOR COURT FOR THE STATE OF WASHINGTON
## COUNTY OF PIERCE

EMMA ISUMU , Individually,

              Plaintiff,

    v.

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS; DAVID O'RONA, Individually
and together with "JANE DOE" O'RONA and
the marital community composed thereof, and
JOHN AND JANE DOES 1-10;

              Defendants.

NO. 11 2 16688 6

COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, by and through Thaddeus P. Martin, her attorney of record, by and through this Complaint and by way of claim allege:

## I.  INTRODUCTION

1.1     This lawsuit is for damages against Cellco Partnership d/b/a Verizon Wireless (Here in after "Verizon Wireless").  Defendant has created and failed to take reasonably adequate action to correct the pervasive and severe racial, gender, and disability discrimination, hostile environment, physically harmful and disparate treatment of an ethnic minority, female employee with a disability.

COMPLAINT - 1 of 9



Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

## II.     JURISDICTION

2.1     This Court has jurisdiction over this matter under RCW 49.60, *et seq.*

2.2     This Court has jurisdiction over this matter because the Defendant is a New Jersey Corporation and licensed to do business in Washington State.

## III.     VENUE

3.1     The events which gave rise to this lawsuit occurred in Pierce County Washington.  Venue is proper in this Court.

## IV.     PARTIES

**4.1     Plaintiff**

4.1.1     Plaintiff is a citizen of the United States of America who is of Samoan and Korean descent residing in Pierce County, Washington.

**4.2     Defendants**

4.2.1     Defendant Verizon Wireless employs over 85,000 people and has over 8.5 million costumers.

4.2.2     Defendants John and Jane Does 1-10 are supervisors and managers at Verizon Wireless who discriminated against Plaintiff and contributed to and participated in the actions and inactions that caused Plaintiff's damages.

4.2.3     Defendant David O'Rona was manager employed by Verizon.  On information and belief, Defendant O'Rona is a resident of Pierce County, Washington.

COMPLAINT - 2 of 9

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

9

V.    FACTS

5.1    Hostile Work Environment

5.1.1    This claim arises from the severe, pervasive and physically harmful discrimination against an ethnic minority, female employee of Verizon Wireless. It continued despite early and repeated notices to Verizon Wireless managers and supervisors. Some of the direct and most vicious discrimination was at the hands of supervisors and managers. This claim is based upon the acts and omissions of Verizon Wireless, its agents, supervisors, managers, representatives, employees and third parties under the control of defendant, in connection with the facts as outlined in this complaint.

5.1.2.    The Plaintiff sought employment at Verizon Wireless, believing, as she did, that it was a company that provided its employees with an opportunity to work and advance. Once the Plaintiff accepted a position at Verizon Wireless she discovered that based on her race, gender and disability, the Defendant treated her differently and offensively. The Plaintiff was held hostage to this work environment by constant and inappropriate discrimination.

5.2    Comments treatment, discipline and name calling.

5.2.1    Racial, gender and disability comments, treatment and name calling were constant when Plaintiff was at work. Plaintiff was subject to racial, gender and disability comments and name calling throughout her employment. Defendant's persistent practice of

COMPLAINT - 3 of 9

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

10

creating and tolerating a hostile atmosphere based on the Plaintiff's race, gender and disability was never stopped.

     5.2.2    Insulting jokes and comments were made regarding Plaintiff. Caucasian supervisors and managers often made ethnic comments and jokes about Plaintiff. Plaintiff was treated decidedly worse than Caucasian employees.

     5.2.3    Examples of the repeated racial, gender and disability treatment and comments made to Plaintiff are as follows:

**Discrimination based on gender and/or race:**

1. Caucasian male sales representatives added phone lines to customer accounts without the customer's knowledge. That practice is still used. Plaintiff was terminated for having another employee pay her phone bill with cash.

2. Plaintiff never had any previous disciplinary charges against her. Her first notice was a final warning.

3. Accusations were made that the Plaintiff was making violent threats against other employees. Those accusations were not founded.

4. Three Caucasian employees were promoted to a lead position even though the Plaintiff outperformed them.

5. Plaintiff was told to compose a summary telling why she should be promoted to a senior sales representative. She was told that she would be promoted once that was completed. As soon as Plaintiff turned in the summary, she was told that there were no positions available.

6. A Caucasian male employee was given the highest rating for a bonus and raise. The Plaintiff out performed him and received less than the Caucasian employee.

7. Plaintiff constantly performed managerial duties, but she was never promoted nor compensated as a manager.

8. Plaintiff was told by an assistant manager that "you must be from the ghetto." Plaintiff reported this incident, but nothing was ever done.

COMPLAINT - 4 of 9

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

11

9. An assistant manager told the Plaintiff that she did not know how to talk or dress professionally. He further told her that if it was up to him the Plaintiff wouldn't work for Verizon. Plaintiff reported this to her manager who just brushed it off by saying, "he is just learning." Plaintiff reported this same incident to a Human Resources representative. Nothing was done.

10. Until January 2011, Plaintiff was the only female minority sales representative.

11. Caucasian employees would steal the Plaintiff's sales, and nothing about it was ever done.

12. Plaintiff was accused by management of "cherry picking" through customers who had checked in.

13. Plaintiff was never recognized for her great performance. Caucasian employees were always rewarded for theirs.

14. Plaintiff was always told to work harder than the rest of the team.

15. The Plaintiff worked hard for her business lines. They were taken away from the Plaintiff and given to another Caucasian representative. When the Plaintiff inquired about this, she was told, "she needs it more then you right now."

16. Plaintiff made it to the top as a sales representative but was disqualified because another (Caucasian) employee made a false statement about her to Human Resources.

17. A manager gave two Caucasian employees 43 new lines and was again told, "they need it more than you do."

18. Managers told the Plaintiff, "Go make me my money."

19. Managers and employees always talked bad about customers in the back room.

20. Managers always took Caucasian employees to lunch. Managers never took minority employees to lunch.

21. Managers favored Caucasian employees.

22. Managers allowed Caucasian male employees to choose their own work schedules.

23. The manager would tell the Plaintiff, "you need to reschedule your doctor's appointment and make me money."

COMPLAINT - 5 of 9

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

24. Male employees would talk sexually about women and what they would like to do to them. Managers would laugh.

25. ~~When the Plaintiff was in a car accident, a manager attempted to get her fired, stating,~~ "you have missed too much work."

26. A manager told the Plaintiff, "we come from two different backgrounds and that's probably the reason you are ghetto."

27. A customer had a heart attack in the store. Later the same day a customer asked the Plaintiff what happened to that guy. Plaintiff's manager overheard the question and sent her a text message saying, "do not talk about what happened or you're dead meat."

28. Plaintiff's sister works at a different location within the company. Employees would often tell her sister, "you must be the good one of you and your sister."

29. When Plaintiff would ask to take lunch with her friends, managers would say no. Caucasians were allowed.

30. When the Plaintiff asked why she was not on the list for the award ceremony, the area president told her, "because you had a write up. Try harder next time."

31. When the Plaintiff was hired, the district manager said that the Plaintiff would be promoted as an in-store business consultant. He also promised her a computer to help with business. Neither happened.

32. After a year in sales, a Caucasian male sales representative was hired. After about three months, he was promoted to assistant manager. He did not apply for the position. Soon afterwards, he was offered a store manager's position in Hawaii.

33. Aside from the lead store manager, all of the managers were males. At the time she was fired, the lead store manager asked the Plaintiff if she wanted the phone number to the EEOC.

34. The Plaintiff worked at the same location for the entire time she was employed. She was not transferred around like the other employees. She was never promoted, but always asked to help the new employees and show them how to make money.

**Discrimination based on disability:**

35. Plaintiff was the only sales representative with a chair because of a back injury. Each time someone came in from the corporation, they would question the Plaintiff about the chair.

COMPLAINT - 6 of 9

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

36. Employees would make comments such as, "really, you need a chair?"

37. Plaintiff was questioned by employees and managers about why she needed a chair to work, even though she had a doctor's note.

38. Plaintiff watched the manager shred her doctor's note when she gave it to her.

39. Plaintiff was constantly asked, "When are you going to give up your chair?"

40. Employees would make comments such as, "we wish we could get a doctor's note made, so we can have a chair too." Employees were implying that the Plaintiff was lying or that she forged her doctor's note.

41. Managers made insulting jokes to the Plaintiff such as "Verizon should give you a Hoveround or wheel chair."

**5.3    Notice to Verizon Wireless**

5.3.1    Despite notice, Verizon Wireless and its employees have failed to take necessary and appropriate steps to end such discrimination. Supervisors and other management of Verizon Wireless have ignored and/or rejected complaints regarding the company's hostile environment. Plaintiff made numerous complaints to appropriate authorities about the hostile incidents. These complaints, however, did not stop them, but escalated the abuse.

**VI.    CLAIMS FOR RELIEF**

6.1    **Racial, Gender and Disability Discrimination (RCW Chapter 49.60** *et. seq.*): Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries.

COMPLAINT - 7 of 9

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

14

**6.2     Hostile Work Environment (RCW Chapter 49.60 *et. seq.*):** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries.

**6.3     Disparate Treatment (RCW Chapter 49.60 *et. seq.*):** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries.

**6.4     Wrongful Discharge- Actual (RCW Chapter 49.60 *et. seq.*):** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries.

**6.5     Unlawful Retaliation:** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries.

**6.6     Negligent Hiring, Retention and Supervision:** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of all Plaintiff's injuries.

**6.7     Negligent/Intentional Infliction of Emotional Distress, Negligence, Outrage:** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries.

## VII.     DAMAGES

7.1     As a direct and proximate result of the acts and omissions of the Defendants, and each of them, the Plaintiff have suffered severe and permanent physical injury, emotional distress, mental anguish, mental and emotional shock, all of which have continued into the present and will continue into the future.  Plaintiff has also suffered loss of pay and future employment opportunities.

COMPLAINT - 8 of 9

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

(1)    For such special damages as shall be established at time of trial;

(2)    For such general damages as shall be established at time of trial;

(3)    For such lost wages, back pay, front pay, and benefits in amounts to be established at trial;

(4)    For such punitive damages allowable by law; and,

(5)    For such attorneys' fees, interest, costs, and such other and further relief as shall be allowed by law or deemed just and equitable.

Dated this 14th day of December, 2011.

THADDEUS P. MARTIN, LLC

By _____
        Thaddeus P. Martin, WSBA No.  28175
        Attorneys for Plaintiff

COMPLAINT - 9 of 9

Law Office Of
Thaddeus P. Martin
4928 109th St SW
Lakewood, WA 98499
Phone (253) 682-3420
Fax (253) 682-0977

16

1
2

The Honorable Edmund Murphy
Dept. 9

3
4
5
6
7
8

SUPERIOR COURT OF THE STATE OF WASHINGTON
PIERCE COUNTY

9    EMMA ISUMU, Individually,                      )
                                                     )
10                        Plaintiff,                 )    No. 11-2-16688-6
                                                     )
11          v.                                       )    DEFENDANT'S NOTICE OF
                                                     )    APPEARANCE
12   CELLCO PARTNERSHIP d/b/a VERIZON                )
     WIRELESS; DAVID O'RONA, Individually            )    **[CLERK'S ACTION REQUIRED]**
13   and together with "JANE DOE" O'RONA, and        )
     the marital community composed thereof, and     )
14   JOHN AND JANE DOES 1-10                         )
                                                     )
15                        Defendant.                 )
     _____)

16   TO:          EMMA ISUMU, individually;

17   AND TO:      THADDEUS P. MARTIN, attorney of record for said plaintiff

18          YOU AND EACH OF YOU will please take notice that the Defendant CELLCO

19   PARTNERSHIP d/b/a VERIZON WIRELESS ("Verizon Wireless"), hereby appears in the

20   above-entitled action and requests that all further papers and pleadings, except original process,

21   be served upon the undersigned attorneys at the address below stated.

22   //

23   //

NOTICE OF APPEARANCE - 1
DWT 18846690v1 0052051-014409

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1     DATED this 13th day of January, 2012.

2                   Davis Wright Tremaine LLP
                    Attorneys for Verizon Wireless
3

                   By */s/ Kathryn Rosen*
4                    Kathryn Rosen, WSBA #29465
                    1201 Third Avenue, Ste. 2200
5                    Seattle, WA98101-045
                    P: (206) 622-3150
6                    F: (206 757-7700
                    katierosen@dwt.com
7

                   By */s/ Merisa Heu-Weller*
8                    Merisa Heu-Weller, #39428
                    1201 Third Avenue, Ste. 2200
9                    Seattle, WA98101-045
                    P: (206) 622-3150
10                  F: (206 757-7700
                   merisaheuweller@dwt.com

NOTICE OF APPEARANCE - 2
DWT 18846690v1 0052051-014409

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington, that on January 13, 2012, I electronically filed *Defendant's Notice of Appearance* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thaddeus P. Martin
Law Office of Thaddeus P. Martin
4928 109th Street SW
Lakewood, WA 98499
P: (253) 682-3420
F: (253) 682-0977
tmartin@thadlaw.com

DATED this 13th day of January, 2012.

*s/Valerie Macan*
Valerie S. Macan
Davis Wright Tremaine
1201 3rd Avenue, Ste. 2200
Seattle, WA 98101
P: 206-757-8089
F: 206-757-7700
ValerieMacan@dwt.com

NOTICE OF APPEARANCE - 3
DWT 18846690v1 0052051-014409

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

19